# Henry C. Corfield and Peter G. Rambo, trading as H. C. Corfield & Co., Appellants, *v.* John Klein, Jr.

*Judgment—Issue to try validity of judgment—Costs.*

An issue to try the validity of a judgment will not be granted at the instance of a subsequent judgment creditor where the petition for the issue merely avers that the judgment was fraudulent and collusive, but does not set forth any facts from which the inference of fraud can be drawn, and the only evidence in the case is that of the prior judgment creditor and the defendant, who both testify, when called as if for cross-examination, that the judgment was confessed for a loan.

In such a case it is proper to make absolute a rule on the petitioner for the issue to give security for the costs of an audit to distribute the fund in court.

Argued Jan. 15, 1896. Appeal, No. 403, July T., 1895, by plaintiffs, from order of C. P. No. 1, Phila. Co., Sept. T., 1877, No. 15, discharging rule for issue to try the validity of a judgment. Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ. Affirmed.

Rule for an issue to determine the validity of a judgment.

From the record it appeared that on August 4, 1877, Henry C. Corfield & Company obtained judgment against John Klein, Jr., for $205.60. In April, 1893, the father of the defendant in the judgment died, devising to said defendant by his last will an interest in certain real estate. On April 29, 1893, the plaintiffs issued a scire facias to revive their judgment, upon which scire facias they took judgment for want of an affidavit of defense, and damages were assessed at $399.50. Upon this judgment a writ of venditioni exponas was issued on November 9, 1894, and under the said writ the interest of said John Klein, Jr., in said real estate was sold and the money paid into court for distribution to judgment creditors.

On May 12, 1893, a confessed judgment was entered up against the said defendant by Frederick Pelly, the appellee.

After the money produced by plaintiffs' execution was paid into court, Frederick Pelly, the appellee, filed an affidavit in this case, claiming that the fund in court was payable to him as the first lien creditor, and upon said affidavit the court, on April 24, 1895, granted a rule on the plaintiffs to show cause why security should not be entered for the costs of an audit to distribute the fund.

Pending the rule plaintiffs presented a petition to the court as follows :

That they are judgment creditors of the said defendant in the above case. That a scire facias was issued by them to revive the said judgment on April 29, 1893, but before judgment could be obtained upon such scire facias, the said defendant confessed a judgment in the court of common pleas No. 3 of March term, 1893, No. 1018, for $1,680, which said judgment was entered on May 12, 1893.

That upon an execution issued on said judgments the interest of the said defendant in certain real estate acquired by him subsequently to the original judgment in your petitioners' favor was sold at sheriff's sale and the proceeds of such sale have been paid into this court for distribution.

Your petitioners allege that the judgment of the said Frederick Pelly above referred to was confessed by the said defendant in his favor without any consideration, and in fraud of the rights of your petitioners as judgment creditors as aforesaid, and

in fraud of the rights of the other creditors of the said defendant, and but for the existence of said judgment your petitioners would be entitled to the fund in court under their original judgment; that the fraudulent character of the said judgment of the said Frederick Pelly is denied by the said Frederick Pelly, and such fact is a material one and is in dispute between your petitioners and the said Frederick Pelly; and your petitioners further allege that the fraudulent character of said judgment and the fact of said dispute appear by the deposition of the said Frederick Pelly and the said John Klein, Jr., taken upon a rule entered in this case on your petitioners to show cause why security should not be entered for costs.

Your petitioners therefore pray that an issue be directed by your Honorable Court to try the said fact as to the fraudulent character of the said judgment of the said Frederick Pelly, so, as aforesaid, in dispute between them and the said Frederick Pelly. They also pray that the said depositions filed herewith may be taken as a part of their petition.

The depositions referred to in the petition were those of Frederick Pelly and John Klein, Jr., who were called as if for cross-examination on the rule to show cause why plaintiffs should not enter security for costs of the audit to distribute the funds in court, and who both testified that the judgment confessed to Pelly was for a loan.

The rule on plaintiffs to enter security for costs, and the plaintiffs' rule for an issue as to the fraudulent character of Pelly's judgment, were heard together in the court below, and the court on May 8, 1895, made absolute the rule on plaintiffs to enter security for costs, and discharged the plaintiffs' rule for an issue.

*Errors assigned* were (1) in discharging rule for an issue; (2) in making absolute a rule to enter security for costs.

*F. F. Brightly*, for appellants, cited Schwartz' App., 21 W. N. C. 246; Moore v. Dunn, 147 Pa. 359.

*J. H. Grater*, for appellee.—It is not enough to aver that a prior judgment is fraudulent and collusive; the applicant must set forth that there are material facts in dispute, the nature and

character of them, and that he expects to be able to prove them : Robinson's App., 36 Pa. 81; Moore v. Dunn & Fell, 147 Pa. 359; Schwartz' App., 21 W. N. C, 246 ; Irvin's App., 28 W. N. C. 60.

PER CURIAM, January 27, 1896 :

We are not convinced that the learned court erred in discharging plaintiffs' rule for an issue, etc., or in making absolute the rule on plaintiffs to give security for the costs of audit in distribution of the fund in court.   We find nothing in either of the assignments of error that requires discussion.   They are both dismissed.

Decree affirmed and appeal dismissed with costs to be paid by the plaintiffs.